CREDIT ADJUSTERS AND COLLECTORS, INC., RESPONDENT, v. BERGEN-ESSEX CONSTRUCTION CO., APPELLANT.

Submitted October 7, 1941—Decided January 23, 1942.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Aaron Heller.*

For the respondent, *Irving L. Hodes.*

The opinion of the court was delivered by

PARKER, J.  This is a second suit against an employer based on a judgment of $330.97 and costs against an employee of defendant and a statutory execution against that employee's

wages served, as claimed, on an officer of the employer. *R. S.* 2:32-182. No payment having been made, the judgment creditor brought suit as contemplated by *R. S.* 2:32-183, and recovered judgment against the employer for $126 accrued wages, which was affirmed by this court. *Credit Adjusters* v. *Bergen-Essex Construction Co.*, 124 *N. J. L.* 382. In that suit it was stipulated, and necessarily adjudged as a condition of recovery against the employer, that the person on whom the execution was served was such a "fiduciary officer" of the appellant as was amenable, under the statute, to service of the execution, in order to bind the corporation. The payment of this $126 of course left over $200 unpaid, to be collected as before as a "continuing levy" on the wages of the employee. After the former judgment against the employer, more payments called for by the execution accrued, and this second suit for such accrued payments was instituted in the same District Court as the first: and this time the defendant's counsel refused to stipulate as to the status of the officer on whom the execution had been served. There was no new service of the execution, and the reliance was on the original service. The trial judge held that a further stipulation was unnecessary and entered judgment in favor of the creditor. This holding is the gravamen of the present appeal.

We think the status of the "officer" and the service was *res judicata*. There was no new service under the second judgment, nor was new service called for by law. By the express language of the statute the original execution in the original suit against the employee was "a lien and continuing levy upon" his wages "until the execution and the expenses are fully satisfied and paid" unless modified by court order. *R. S.* 2:32-181 and 184. The order being for periodical payments out of wages accruing, a suit could be brought for each unpaid installment as it accrued. This is a second suit against the employer based on the same judgment against the employee, and we have before us in this second suit against the employer the same parties, the same order for execution against wages, the same execution, and the same service on the "officer" of the corporation as in the first suit against the employer. There is no splitting of causes of action, because,

as has been said, each accruing installment is a cause of action: but the subject-matter is the same. The only new question in this second case is whether further payments out of wages have accrued; and that is undenied.

The rule of *res judicala* is not conclusive, it is true, as to questions of law: *Bernard* v. *Hoboken*, 27 *N. J. L.* 412; *Water Commissioners* v. *Cramer*, 61 *Id.* 270, 273: and a judgment is conclusive by way of estoppel only as to facts without the existence and proof or admission of which it could not have been rendered: *Sbarbero* v. *Miller*, 72 *N. J. Eq.* 248, 255; *affirmed*, 74 *Id.* 453: but as to those facts it is conclusive. In the former case against the employer it was essential to a recovery to prove by evidence, stipulation, or admission, that the party to whom the execution was presented was a fiduciary officer of the appellant corporation at the time the execution was so presented. That was the only point not proved or admitted in the present case: and it was conclusively settled between the present parties by the judgment in the former case.

The judgment under review will be affirmed.